## RIDDELL *v.* GORMLEY.

Though a defendant have omitted to plead in compensation in an action against him a debt due to him by plaintiff, he may, on the ground that compensation takes place by mere operation of law, oppose the compensation to any attempt to execute the judgment; and this though, at the time of instituting the suit against him, or of executing it, the claim offered in compensation would otherwise be prescribed, provided that the prescription had not been completed at the time when the debt due by him was payable.

APPEAL from the Second District Court of New Orleans, *McHenry, J.* presiding. *Bartlette*, for the appellant. *Preston*, for the defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff is the legal representative of *Schrager's* estate, against which the defendant obtained a judgment on the 27th of October, 1836, on some property notes, endorsed by the said *Schrager*, and bearing date 20th February, 1832. *Schrager* died in December, 1832, and at the sale of his succession, *William Gormley*, whom the defendant now represents, became the purchaser of horses and other moveable effects, to the amount of $273 25, which he refused to pay at the time, saying that he held the above mentioned notes, on which *Schrager* was responsible. The defendant having obtained an execution on her judgment, in October, 1847, the plaintiff paid the amount of it, except the aforesaid sum of $273 25, to the amount of which he enjoined the proceedings. The district judge was of opinion that the claim of the plaintiff in injunction was barred by the prescription of ten years, and plaintiff appealed.

There having been mutual indebtedness between *Schrager's* estate and *Gormley*, and their respective claims being equally liquidated, the debts, up to the amount due by *Gormley*, were extinguished by compensation before either was prescribed, and that compensation may now be pleaded by the plaintiff. 7 Toullier, no. 388, 389.

The defendant has also pleaded payment, but has failed to establish it in a satisfactory manner. It was not enough for her to render the fact of payment

probable; but we are of opinion she has failed even in this. The plaintiff is entitled to a judgment.

RIDDELL
*v.*
GORMLEY.

It is, therefore, ordered that the judgment in this case be reversed, and that the injunction be perpetuated, with costs in both courts.