No. 5416.

GORDON & GOMILLA vs. WRIGHT & CLARK.

Before a third person can sue on a policy of insurance to which he is not a party, no matter what his interest in the insured property may be, it must be shown that the policy was assigned to him with the written consent of the assurer, and that the property assured had been assured as his property.

A claim not set up in the pleadings will not be allowed by this court.

A consignee who fails to insure property shipped to him and received by him, after having been instructed to insure by the shipper, is liable for any loss resulting from his not having insured.

A consignee who has insured a consignor's property in his, *consignee's.* name, and fails to collect the insurance money, becomes liable himself as insurer.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,* J.

*Randolph, Singleton & Browne,* for plaintiffs and appellees.
*H. H. Bryan,* for defendants.

The opinion of the court was delivered by

Gordon & Gomilla vs. Wright & Clark.

SPENCER, J.   Plaintiffs, a commercial firm of New Orleans, bring this suit by attachment against defendants, a commercial firm of Jefferson, Texas, for $1629 41, with five per cent interest from first March, 1872. They allege that in the latter part of 1871, and early in January, 1872, they consigned to the defendants for sale 500 barrels of flour, which defendants duly received.   That defendants refuse and neglect to account for a portion of said flour, by reason of its having, while in their warehouse at Jefferson, been destroyed by fire in the month of February, 1872.   That said defendants were instructed to insure said flour.   That it was in the usual course of business, their duty to insure it—that they had insured similar shipments made to them by petitioners or at least had charged petitioners with the premiums of insurance, which in every instance were duly paid by petitioners—and that said defendants had charged petitioners with the premiums of insurance on this particular lot of flour—that said defendants are liable for 167 barrels of flour worth $1472 and for damages done to other barrels to the amount of $354 75, less a credit of $197 34, leaving due $1629 41.   They pray for attachment and garnishment.

The defendants answer in substance, that they were not the agents of plaintiffs; that if they were they were not bound to insure; that in point of fact they did insure and that they are not liable for said loss.

There was judgment for plaintiffs as prayed for, and defendants appeal.

The evidence satisfies us that plaintiffs shipped the flour to defendants for sale, and that defendants received it, and stored it in their warehouse.   That defendants were in the habit of insuring the plaintiffs' consignments, charging insurance premiums therefor, which were always paid by plaintiffs.   That in point of fact they (the defendants) had this particular flour entered as insured under their open policy with "the Texas Banking and Insurance Company" and charged plaintiffs with the premiums thereon.   This policy was payable only to the defendants or their assignees.   The insurance attempted was effected in their name, and not in that of plaintiffs, who could not have maintained an action on the policy.   The insurance officers swear that defendants overloaded their policy, which was for only ten thousand dollars, and that the company had paid them all it owed under the policy.

Under this state of facts the right of plaintiffs to recover is too plain for discussion.   If the defendants did insure, it was in their own name, and it was their duty to collect.   If they did not, it was their neglect of a plain duty which makes themselves liable as insurers.   They can not avoid this liability by pretending that plaintiffs had more especially charged one of their (defendants') clerks with the sale of this flour.   There

Gordon & Gomilla vs. Wright & Clark.

is no sufficient proof of that fact, and there is no pretense that defendants were not the consignees.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs of both courts.

Marr, J., recused.

ON REHEARING.

The opinion of the court was delivered by

DeBlanc, J.  In the brief which he filed a few months before his death, the able, unpretending and regretted attorney who then represented the defendants, based his application for a rehearing of this cause, on the ground that the policy of insurance, though issued in his client's name, was procured for the benefit of plaintiffs, and that they could and should have sued thereon.

He has quoted from the reports of several States to establish that " when a promise is made to one for the benefit of another, he for whose benefit it is made may bring an action for its breach."   This, assuredly, we have never denied, for that plain doctrine is consecrated by our legislation and jurisprudence.   Here, that doctrine is a law, and the action given for the breach of such a promise is the equitable action.  C. P. 35.

In our previous opinion, what did we maintain?  That the insurance was effected in defendants' name, that, in substance as in form, the policy is payable but to them or their assigns, and that, as plaintiffs could not legally have sued thereon, it was defendants' duty, we should have said their right, to claim, sue for and collect an indebtedness, the evidence of which ever was and still remains in their hands; but we have neither entertained, nor published the more than extravagant proposition " that an agent, who makes a contract for his principal is bound to enforce that contract, even by litigation."

The policy is before us, and we have to read it as it is written, to construe it according to its stipulations.  By its terms, who were insured?  Wright & Clark alone.   Against what and for what amount were they insured?  Against fire and for any amount not exceeding ten thousand dollars.   Whose property the policy was intended to cover?  Their own and any property held by them on trust or on commission.

To have enabled plaintiffs to bring an action on that policy, three conditions had to be complied with:

First—The policy would have had to be assigned to them, and it could have been so assigned but by written consent of the corporation.  That consent was neither asked, nor given.

Second—They would have had to allege and prove that the property held on commission for them had been insured as such. This was not done.

Third—They could have successfully sued but on a policy not exceeding ten thousand dollars, and defendants'—this is not disputed—did exceed that amount and was overloaded.

Two important facts were sworn to by the general agent of the insurance company and they stand uncontradicted. He did not know Gordon & Gomilla in connection with this policy, nor that any flour of others was destroyed by the fire: but, so far as he knows, what was due to Wright & Clark, under the policy, had been settled and paid.

Under these circumstances, are they not liable for the full value of the flour which was entirely destroyed, and for the injury done to the balance? In that respect, our conviction was and still is that they are bound. So we held and so we hold.

We have found, in our former decree, an error of fact, and that error we hasten to correct: it is as to the value placed by us and by the lower court on a portion of the flour, the Alvarado, for which we should have allowed, not nine dollars as we have done for the Figaro, the best of the two brands, but only eight dollars and a half, as there was, between those brands and according to Gomilla's own statement, a difference of fifty cents per barrel. That excess was charged on ninety-one barrels and should be deducted from plaintiffs' claim.

In their printed argument, defendants contend that they should also be allowed a commission of two and a half per cent on any balance for which they may be held liable, as that balance shall represent the full value of the property consigned to them, and be, we must presume, equal to the amount of the proceeds which would have been realized from the sale of the flour. That commission is not claimed in their pleadings and can not be allowed.

It is therefore ordered that the former decree of this court be set aside, and the judgment of the lower court avoided, annulled and reversed.

It is further ordered, adjudged and decreed that there be judgment in favor of plaintiffs, Gordon & Gomilla, and against defendants, the firm of Wright & Clark, and against Mark H. Wright and P. B. Clark, the individual members of said firm, *in solido*, for the sum of fifteen hundred and eighty three dollars and ninety-one cents, with legal interest thereon from judicial demand, with privilege on the property attached by plaintiffs; the costs of the appeal to be paid by Gordon & Gomilla, those of the lower court by defendants.

Mr. Justice Marr took no part in this decision.