(64 South. 927)

No. 19,891.

CRAWFORD, JENKINS & BOOTH, Limited, v. FISHER.

(March 30, 1914.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 1178*)—DISPOSITION OF CAUSE—REMAND FOR FURTHER TESTIMONY.

As the court is not in full possession of all the facts of the case, it is remanded to take further evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from Twelfth Judicial District Court, Parish of De Soto; J. G. Palmer, Judge.

Action on note by Crawford, Jenkins & Booth, Limited, against E. M. Fisher. Judgment for plaintiff for less than claimed, and he appeals. Reversed and remanded.

J. H. Stephens, Jr., of Shreveport, for appellant. Elam & Lee, of Mansfield, for appellee.

BREAUX, C. J. Plaintiffs are wholesale grocers and cotton buyers.

The firm sued to recover on a promissory note made by E. M. Fisher, the defendant, for the sum of $1,732.65, dated February 14, 1911, due November 1, 1911, with 8 per cent. interest from maturity, and 10 per cent. fee of attorney.

As to the amount due as above mentioned, the plaintiff firm states: That it became the lessor of mules, horses, and wagons to the defendant for the rental of $150 for the year 1912. That the defendant did not pay this rental. That the defendant was the lessee that year of a farm; that he used the mules, horses, and wagons to make the crop thereon.

That his lessor sued him for $600 rent, seizing its (plaintiff's) mules, horses, and wagons. As the lessor of defendant had a privilege superior to its own, it paid the rental and costs, and thereby obtained the release of its property.

It claims $2,507.65 as due it.

It annexed a copy of a contract of lease of the firm's property, in which the mules, horses, and wagons are described. It also annexed the promissory note for $1,732.65.

The defendant denied all indebtedness.

Judgment was rendered in favor of plaintiff for $775, with legal interest from judicial demand.

Plaintiff has appealed.

The amount of the judgment consists of two items; one of $150 rental, and $625 paid to the lessor of defendant in order to safeguard its privilege as a creditor. It was a matter of necessity for the purpose just mentioned.

From the foregoing it will be seen that the court rejected the sum of $1,732.65 claimed by plaintiff. This amount was represented by a note of February 14, 1911, of which plaintiff retained the possession, claiming that it (the firm) has a right to the note. It holds it, and never returned it because it was its note.

The defendant as a witness does not satisfactorily explain why it is that he allowed the plaintiff to retain the note after settlement. He merely says that plaintiff had retained other notes in other transactions and that in this instance, also, he did not ask for a return of the note.

Further evidence upon the subject will assist the court in deciding. Plaintiff referred to his books while testifying. The court now holds: They also might be used to show contemporaneous entries under his direction which he has a right to consult in order to corroborate his testimony. The plaintiff testified that the family of defendant was present at the time that defendant signed the act under which plaintiff claims. According to this, the family can well be presumed to have known something of the settlement. They also might be heard as witnesses. For these reasons, before deciding finally, we remand the case, in order that further evidence may be heard. Any admissible evidence which may be offered by either party to the suit will be admitted.

It is therefore ordered, adjudged, and decreed that the judgment heretofore pronounced is hereby avoided, annulled, and reversed. It is ordered, adjudged, and decreed that the case be remanded to the district court to hear further testimony, and that, after having admitted testimony to enable the judge to consider and decide the case upon the whole testimony, it be decided. It

is further ordered, adjudged, and decreed that, as to the costs of both courts, they remain in abeyance until the final decision of the case to be assessed against the losing party in the ultimate hearing.

PROVOSTY, J., takes no part, not having heard the argument.