(76 South. 674)

No. 22441.

SUMMERS v. WOODWARD, WIGHT & CO., Limited.

(June 30, 1917. Rehearing Denied Oct. 29, 1917.)

*(Syllabus by the Court.)*

MASTER AND SERVANT ⊂⊃382 — WORKMEN'S COMPENSATION ACT — RIGHT TO COMPENSATION.

Where an employer pays the wages of an injured employé in full for a number of weeks, and subsequently in part, and, holding a policy of insurance, taken out with express reference to the Burke-Roberts Employers' Liability Act (Act No. 20 of 1914), obtains receipts showing such payments as for wages to which the employé was entitled under the Louisiana Workmen's Compensation Act, upon which it obtains reimbursement from the insurance company, the question whether the injury of the employé entitles him to compensation under the act will be regarded as eliminated.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Proceeding by Mrs. Eulah H. Summers under the Workmen's Compensation Act to obtain compensation for personal injury, opposed by Woodward, Wight & Co., Limited, employer. Compensation awarded, and defendant appeals. Affirmed.

Edward Rightor and Eugie V. Parham, both of New Orleans, for appellant. Suthon & Suthon, of New Orleans, for appellee.

Statement of the Case.

MONROE, C. J. Plaintiff, 32 years of age, was employed by defendant, in June, 1915, under a written contract which was silent in regard to the "Burke-Roberts Employers' Liability Act," and in November, following, whilst engaged in the duties of her position, she had occasion to go to the ladies' dressing room, where she accidentally fell upon the floor and sustained a Colle's fracture of her left wrist, which fracture, after some temporary attention, was "reduced" (or thought to have been reduced) at one of the infirmaries, and the wrist incased in a plaster cast, where it remained for some three weeks. After the removal of the cast, and up to the trial of the case, in December, 1916, plaintiff found herself disabled by reason of her injury to such an extent that she was unable to go on with her work or to find other work of a reasonable character; it having been discovered, in the meanwhile, that the fracture had been imperfectly reduced, leaving a visible deformity, resulting from displacement of one end of the fractured bone. She was advised that there were two courses open to her, to wit: A surgical operation, consisting of a cutting in to the fracture, chiseling the fragments of the bone apart, and replacing them, so as to obtain a more accurate reduction—a course which would require several months, and the result of which could not be guaranteed; or, as a temporary measure, hot air bathing, or baking, friction, rest, and time, which might at least diminish the disability, and, if not too long persisted in, would not interfere with the surgical operation as the last resort. She was advised to try the last-mentioned measure before resorting to the other. She was also advised, by another surgeon, to be treated by electricity,

and she took that advice, with no resulting benefit. She brought this suit under the Burke-Roberts Employers' Liability Act, claiming, as for temporary total disability, her average weekly wage for 300 weeks, less a credit for certain payments received prior to the institution of the suit. In regard to those payments, it appears that defendant, for a while, paid her full salary and took receipts "on account of salary"; that it then took up with the Employers' Liability Insurance Company, whose policy it held, the question of its reimbursement, and was requested to obtain vouchers showing that plaintiff's injuries were within the terms of the Burke-Roberts Act; and that it thereupon obtained other receipts from plaintiff, covering amounts for which she had already receipted, and also, perhaps, some subsequent payments, and which read:

"Received * * * for that portion of my weekly wages * * * to which I am entitled under the Louisiana Workmen's Compensation Act."

Defendant's secretary testifies that he told plaintiff that she was waiving no rights in signing the receipts, and further as follows:

"Now, my recollection is that we took the matter up with the insurance company, at that time, to see what position they were going to take with respect to protecting us, and, as a result of taking it up with them—well, this $180 receipt, on their form, is the result of taking it up with them. They agreed to reimburse us to that extent which is the equivalent of one-half weekly wages * * * for a period of six months; and, that being the case, we took this receipt from Mrs. Summers in reimbursement. * * * Q. Now, Mr. Rogers, this amount of $180, in the aggregate, was paid to Mrs. Summers some months prior to the date on which she would have been entitled to receive that aggregate amount? A. Yes, sir. Q. Under the Workmen's Compensation Act? A. Yes, sir; several months before. Q. Now, Mr. Rogers, when were you—was your company, Woodward, Wight & Co.—reimbursed for that amount? A. Some time in June, is my recollection. * * *"

On cross-examination:

"Q. This receipt * * * for $180 covers, as I understand the matter, all prior receipts, for less amounts, that Mrs. Summers had given Woodward, Wight & Co.? A. Yes, sir; that is correct."

It is shown that defendant has a large establishment, in which it conducts a wholesale supplies and machinery business, and in that connection operates a steam boiler, for heating purposes, electric elevators, and pipe-cutting devices (though the latter are not in the building in which plaintiff worked), machine shop (across the street from the main building), etc.

It is shown, also, that in the policy of insurance held by defendant the insurer agrees to—

"pay the compensation, and to furnish or cause to be furnished the medical, surgical, and hospital services and medicines provided for by Act No. 20 of * * * 1914 (Burke-Roberts Employers' Liability Act) on behalf of the assured, to any person or persons to whom such compensation shall become due for or on account of personal injuries, including death, resulting at any time therefrom, received or suffered by any employé or employés of the assured, or a contractor or subcontractor, as provided by section 6 of said act, within the period of this policy," etc. (the amount taken out upon office employés being $70,000).

### Opinion.

The judge a quo says, in his well-considered opinion:

"This testimony [plaintiff's], the appearance of her arm and wrist, her treatment at the infirmary, her long confinement, and all the circumstances shown convince me that this is a case of permanent disability."

And he awarded plaintiff $7.50 per week for 300 weeks, subject to certain credits, with leave to defendant to move for a modification of the judgment in case her disability should be removed.

Our learned brother also states that he does not see how defendant's admissions, that plaintiff's injuries bring her within the Burke-Roberts Act, could be made any stronger, and we, too, are of that opinion. It had taken out employers' liability insurance with express reference to that act, which declares that all contracts of employment in the businesses mentioned in paragraph 2 of its section 1 shall be presumed to have been made subject to its provisions; defendant's busi-

ness is one of those so mentioned; its contracts with plaintiff contain nothing which negatives that presumption; and whether the establishment of the presumption, by the act, is authorized or not, it is a legitimate and natural presumption from the fact that defendant employs between 200 and 300 persons, took out the policy to which we have referred, made payments to plaintiff, the reimbursement of which from the insurance company it obtained upon vouchers which plaintiff furnished upon its request, and in which it is stated that the payments were made as part of the wages to which plaintiff was entitled under "The Louisiana Workmen's Compensation Act," which must refer to the Burke-Roberts Act, mentioned by name in the policy, since there is no act bearing the title as given in the receipts. We therefore conclude that the question, whether plaintiff's injury falls within the act, is eliminated by defendant's conduct and admissions.

The evidence shows that, in consequence of her injuries, defendant is, as yet, unable to do work of any reasonable character, and hence that she is entitled to compensation, as provided by "section 8 (a)" of the act, at a rate equal to one-half her average wage during a maximum of 300 weeks, subject to a shortening of the period in the event that her condition should improve; and, the judgment appealed from having been rendered upon that basis, it is

Affirmed.