**STOUFF v. TRAVELERS' INS. CO.**

---

(July 14, 1927. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant —Par. 154; Insurance—Par. 166.**
   Under the Employer's Liability Acts, the injured employee, prior to award or judgment or agreement with his employer fixing the amount of compensation, has no right of action against the insurer of his employer.

Appeal from Civil District Court. Div. "E". Hon. W. H. Byrnes, Judge.

Action by Fred Stouff against Travelers' Insurance Co.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

John May, of New Orleans, attorney for defendant, appellee.

OPINION

CLAIBORNE, J. This is a suit under the Employer's Liability Acts.

The plaintiff alleged that he was employed to work by the Alexandria Construction Company at Bayou Lafourche building bridges and while so engaged on December 14th, 1924, he sustained the loss of the first finger and serious injury to two other fingers of the left hand so that he will be permanently deprived of the use of his hand; that the said Company paid plaintiff $200.46 in weekly payments, but will not pay any additional sum; that the Travelers' Insurance Company was the surety for the employer, the Alexandria Construction Company, and the liability for said injury comes under the Liability Act 216 of 1924; that the Company paid plaintiff $200.46 in weekly payments under the Liability Acts but refuses to pay any more; that plaintiff is entitled under Section 8 (d) of Act 216 of 1924 to 65 per cent of his weekly wages of $30 during 150 weeks.

The defendant excepted that plaintiff's petition disclosed no right or cause of action.

The trial judge maintained the exception and dismissed plaintiff's suit. He has appealed.

The simple issue in this case, which was not written in the exception but which should have been, is whether an injured employee has a right of action against the insurer of his employer?

He can only have it insofar as the statute may give it to him.

A mortgagee has no right against an insurance company which has insured the owner against fire. Reid vs. Crocker, 12 La. Ann. 436; Nicholson vs. Citizens Bank, 27 La. Ann. 369; 19 Cyc. 640, note 91-885; Gordon and Gomilla vs. Wright and Clark, 29 La. Ann. 812.

This right is claimed under Section 23 of Act 20 of 1914, p. 58, which reads as follows:

"That no policy of insurance against liability arising under this Act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon, that the obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name."

The words "awarded" refer to a judgment after suit, and the words "agreed upon" mean the amicable agreement to which the employer and employee may come. These words do not govern contested claims which have neither been "awarded" by the court nor "agreed upon" by the employer and employee. If there was any doubt concerning this interpretation it would be removed by the words of Section 25 of the same Act which provides:

"That if any employer shall carry insurance against liability under this Act, and said employer shall be or become insolvent, or any execution upon a judgment for compensation is returned unsatisfied, an employee of such employer, or the dependents of a deceased employee who shall be entitled to payments under this act ·may enforce their claim to payments against the insurer of such employer to the same extent that the employer could have enforced his claim against such insurer had he made such payments, any provision contained in any policy or agreement of insurance written after the date of the approval of this Act to the contrary notwithstanding."

This Section 25 would have been superfluous if the employee under Section 23 had the right to sue the insurer Company under any and all conditions.

The policy of insurance is not annexed to the petition and forms no part of the record. We cannot say that it would help the plaintiff. But from the fact that it is not annexed as part of the petition we conclude that it would afford no help to the plaintiff. We are, therefore, of the opinion that an employee prior to award or judgment or agreement with his employer fixing an amount of compensation has no right of action against the insurer of his employer.

In the case of Summers vs. Woodward, 142 La. 241, 76 So. 674, relied on by plaintiff, the question was whether plaintiff's injury fell within the Employers' Liability Act. Woodward had made regular payments to Mrs. Summers, from whom he received the following receipts:

"Received x x x for that portion of my weekly wages x x x to which I am entitled under the Louisiana Workmen's Compensation Act."

It further appears that Woodward received reimbursement of the sums thus paid by him from his insurance company to the extent of those receipts. The Supreme Court adopted the opinion of the District Judge, who said that he did not see how the defendant's admission that plaintiff's injuries brought her within the Burke-Roberts Acts could be made any stronger.

Besides the Summers' suit was against the employer himself and not against the insurance company.

The two cases are not alike.