No. 239

First Circuit

WYATT ET AL. v. FINLEY ET AL.

(February 15, 1928. Opinion and Decree.)
(June 12, 1928. Judgment rendered on Rehearing.)
(October 29, 1928. Reversed by Supreme Court on Writ of Certiorari and Review. Docket No. 29,415.)

Taylor & Parker, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor, Porter, Loret and Brooks, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. The Travelers Insurance Company appeals from a judgment condemning it to pay to plaintiffs compensation in a sum exceeding four thousand dollars. The plaintiffs are the surviving dependents of Jesse Wyatt, who is alleged to have been killed while in the employ of one Sam E. Finley, principal contractor, and Enoch ·Pittman, sub-contractor, during the performance of certain duties arising out of and in the course of his employment, and the Travelers Insurance Company is surety in a policy of insurance issued to Wyatt's employer to indemnify said employer in case of liability under the compensation law of Louisiana.

There are two main defenses presented by the Travelers Insurance Company. (1) That Finley the principal contractor and indemnitee, who is an absentee from this State, was not cited or adjudged liable for the compensation; (2) that plaintiffs have failed to prove that Jesse Wyatt, the deceased employee, was killed by an accident arising out of and during the course of his employment. Our learned brother of the District Court over-ruled both of these defenses and rendered the judgment which is brought up on this appeal.

(1) The liability of the insurance company is regulated by special statute and ·not by the articles of our Code fixing the manner of establishing and enforcing the liability of sureties in general. Section 23 of Act 20, page 58, of 1914, known as the Employers' Liability Act, regulating the issuance of insurance policies under the Act, provides that such agreement (indemnity insurance) shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name. The language of

the statute which should be read into the bond is so clear that it cannot be misconstrued, and therefore plaintiffs were entitled to bring the present action directly against the Travelers Insurance Company as surety, without suing or first obtaining a judgment against Finley, the employer. We are therefore of the opinion that the trial Judge properly over-ruled this defense.

(2) Whether Jesse Wyatt was killed while performing his duties and during the course of his employment is a question of fact, and proof thereof should affirmatively appear in order to entitle plaintiffs to recover. There are two witnesses who testified on that subject. E. J. Wyatt, brother of the deceased, says that he saw Jesse's body after he was killed, and he says further that the truck which Jesse had been driving was all smashed, down on the railroad track. He did not see the killing. Enoch Pittman says that he knows Jesse was killed and that Jesse at that time was engaged in driving a truck, but like E. J. Wyatt, he did not see the accident. According to this testimony, it is probable, as claimed by plaintiff, that Jesse Wyatt was killed while driving the truck, by a collision with a railroad train, but it is not shown whether Jesse was then actually engaged in the performance of his duty and whether the accident arose out of his employment. Again it is not shown whether he was actually killed by the train. There is nothing to show the condition of his body and the real cause of his death. These are only matters of probable inference under the record. They are easily susceptible of proof, if true, and should have been shown with certainty and not left to probable inference.

Under this state of facts, there are two things which this Court may do, either dismiss plaintiff's demand as in case of non-suit, or remand the case in order to give plaintiff the opportunity to supply the necessary proof showing the circumstances under which Jesse Wyatt was killed.

The Employers' Liability Act, like all compensation statutes, is founded upon motives of public policy and not upon natural individual rights. The State has an interest in keeping its citizens who perform actual industrial service, from becoming paupers and objects of public charity and it is with this object in view that such statutes are enacted, construed and enforced. Technicalities in matters of proceedings are expressly discountenanced in their enforcement.

Believing then that the interests of public justice will be thereby better subserved, the case will be remanded for the purpose of enabling plaintiff to offer proof of the manner in which and the circumstances under which Jesse Wyatt was killed. Such a course lies within the equity powers of the Court, especially in a matter of this kind. Indeed precedents are not wanting to justify the Court in so doing. Succession of Finnegan, 135 La. 475, 65 So. 614; Crawford, Jenkins & Booth vs. Fisher, 135 La. 16, 64 So. 927; Bell vs. Germain & Boyd Lbr. Co., 131 La. 974, 60 So. 635; Police Jury vs. T. & P. Ry. Co., 122 La. 389, 47 So. 692.

For these reasons the judgment appealed from is set aside and avoided and it is ordered that this case be remanded for the purpose of giving the parties an opportunity to offer evidence as to the circumstances under which Jesse Wyatt was killed, and whether he was at that time engaged in performing duties arising out of and during the course of his employment, plaintiffs to pay the costs of appeal, and all other costs to be taxed when the case is finally terminated.

## ON REHEARING

LECHE, J. We heretofore held in this case, that under Section 23, Act 20, page 58, of 1914, an employee could, without any previous formality, sue directly the surety of his employer. After reconsidering this question on application for rehearing, we now believe that we erred in so holding. The language of the statute is as follows:

"That no policy of insurance against liability arising under this Act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon, and that the obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name. No policy of insurance against liability under this Act shall be made unless such policy shall cover the entire liability of the employer under this Act." ·

The responsibility of the insurer is, by the terms of the law, limited to the payment of the installments of the compensation that may be **awarded** or **agreed upon** and consequently does not cover the payment of the installments of the compensation that have neither been awarded nor agreed upon. It is not alleged nor is it pretended under the pleadings in this case, that there ever was any award or agreement as to the installments of any compensation due by the employer to the employee. The conclusion is therefore irresistible that plaintiff has not brought herself within the requirement of the statute, before attempting to enforce directly the obligation of the insurer towards the employee. Judge Claiborne, in a well-reasoned opinion of the Orleans Court of Appeal, in the case of Stouff vs. Travelers Insurance Company, 7 La. App. 13, so held.

The language of Section 25 of the same Act, confirms this construction of Section 23, for if the employee could sue directly the insurer of his employer, without any previous formality, there could be no necessity for the enactment of Section 25, which permits a direct action where the employer has been shown by an unsatisfied writ of execution to be insolvent.

Counsel for defendant insurance company, also cite another case decided along the same line by the Orleans Court of Appeal, viz: Griffin vs. Hotard, No. 11,028 of the docket of that Court, 7 La. App. 604. This decision is not accessible to us. We therefore rest our conclusion on the case of Stouff vs. Travelers Ins. Co., which appears to us to be sound and logical.

Counsel for plaintiff stresses particularly clause D in the insurance contract in this case, which substantially says that the contract is made for the benefit of the employee and is enforceable against the insurance company by such employee in his name or in his behalf, at any time, and in any manner permitted by law, whether proceedings are brought against the insurance company alone or jointly with the employer. Of course, a surety can enter into a conventional agreement with an employer and agree to any condition not reprobated by law. But reading further, clause G of the contract clearly shows that clause D does not support plaintiff's position as to her right to sue directly without formality. Clause G specially provides that no action shall lie against the insurance company to recover any claim for loss under paragraph 1, until such loss shall have been fixed or rendered certain by final judgment against the employer or by agreement between the parties, just as is

provided in Section 23 of the Compensation Act.

For these reasons our former judgment is set aside, and it is further ordered that the judgment appealed from be avoided, and reversed and plaintiff's demand rejected at their costs as against the Travelers Insurance Company.