# MAX BARNETT FURNITURE CO., INC., v. BOMARITO

---

(November 17, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Refused.)

---

See, also, Max Barnett Furn. Co., Inc., v. Bomarito, 13 La. App. 73, 126 So. 254.

McLoughlin & West, of New Orleans, attorneys for plaintiff, appellee.

Theo. Cotonio, Sr., and Theodore Cotonio, Jr., of New Orleans, attorneys for defendant, appellant.

JANVIER, J. On November 17, 1926, Max Barnett Furniture Co., Inc., sued Mrs. Bomarito, praying for judgment as the holders of a certain past due promissory note.

The prayer of the petition asked for judgment for $158.93, interest at 8 per cent from August 2, 1926, for attorney's fees at 10 per cent on principal and interest, and for all costs. The note sued on was annexed to and made part of the petition.

No answer was filed and on December 3, 1926, a preliminary default was entered.

Nearly three years later, on October 15, 1929, judgment was rendered in favor of plaintiff as prayed for, subject to credits totaling $171.68, which plaintiff admitted it had received and which are shown on a list which we find in the record and to which the judgment refers.

This judgment was signed on October 21, 1929.

On November 8, 1929, a writ of fieri facias was issued and, under it, on December 12, 1929, a notice of seizure was issued to Mrs. Bomarito. In this notice the amount of the judgment was stated as "$158.93, with interest and costs." The notice contained no reference to the credits which were mentioned in the judgment.

On December 16, 1929, Mrs. Bomarito filed a petition praying that the Barnett Furniture Company and the civil sheriff be enjoined from proceeding with the said seizure and also that the judgment to which we have referred be declared null and void for the following reasons:

"That the judgment which plaintiff secured was rendered by fraud and ill practices.

"That on October 15, 1929, the day of the rendition of the judgment rendered herein, petitioner was not indebted to the plaintiff Max Barnett Furniture Co., Inc., in the sum of One Hundred Fifty-eight Dollars and Ninety-three Cents ($158.93) as it is made to appear in said judgment.

"That if any one did testify in Court that One Hundred and Fifty-eight Dollars and Ninety-three Cents ($158.93) was due to said Max Barnett Furniture Co., Inc., that such testimony was false and untrue.

"That petitioner had, prior to the rendition of said judgment, liquidated and satisfied plaintiff's demand."

On this petition a temporary restraining order was issued.

When the matter came up for trial on the rule for the issuance of the temporary injunction, it was agreed that the trial should be considered a trial on the merits and that the judgment to be rendered should either grant or deny a permanent

injunction and should be definitive so far as the petition for nullity of the first judgment was concerned. Judgment was then rendered maintaining the validity of the original judgment, recalling the restraining order and refusing the injunction. The Barnett Company was also awarded $25 as attorney's fees for services rendered by its attorneys in · obtaining the dissolution of the restraining order.

From the money judgment rendered on the note a devolutive appeal was taken by Mrs. Bomarito, who has also obtained a so-called suspensive appeal from the judgment refusing the injunction and refusing to annul the first judgment. In Max Barnett Furniture Co., Inc., v. Bomarito, 13, La. App. 73, 126 So. 254, which was an application for a writ of prohibition, we held that the said judgment was not suspensive in that it did not maintain in effect the preliminary restraining order.

The two appeals are now before us and we deem it more orderly to first consider the appeal from the judgment on the note.

Defendant complains of that judgment on two grounds: That there is in the record no evidence to sustain it, and that it is uncertain in amount.

An examination of the record discloses a total lack of evidence. We find actually present in the record the note sued on and the document referred to in the judgment as showing the credits to which defendant was and is entitled, but there is no note of evidence showing that the documents were presented and offered in evidence, nor is there anything to show that any witness testified as to the fact that the note had matured by reason of the maker's failure to pay any particular installment, nor as to the date on which such delinquency commenced, nor as to

the time at which interest commenced to run.

It is true that the preliminary recital in the judgment is to the effect that plaintiff has produced due proof, but in view of the clerk's certificate that the record contains all the pleadings, evidence and documents, we cannot, in the absence of such necessary evidence, indulge the presumption that it was presented below and has been omitted from the record.

"The clerk's certificate must be held for purposes of this appeal to import full faith, and it declares that the transcript filed contains all the evidence adduced. Then none was adduced, for none appears. Hence, the judgment stands before us unsupported."

Harrison & Bro. v. Soulabere, 52 La. Ann. 707, 27 So. 111, 112.

Nor do we believe that plaintiff's situation is bettered by the fact that the petition is verified and contains all allegations as to the time at which the note matured and as to the time at which interest commenced to run. If the suit were one on an open account, such an affidavit might serve the purpose of making prima facie proof. C. P. art. 312.

But we find nothing in the record which authorizes us to treat the matter as a suit on an open account, in view of the fact that such obligation as may have originally existed for goods sold and delivered has been converted into one on a note.

Our attention is directed to the fact that by reference to the list of credits which is mentioned in the judgment it will appear that all but one of the payments shown thereon were made by the defendant after she had been served with the citation and with copy of the petition, and we are urged to hold that, by thus having made the said payments, after receiving knowledge of

the amount claimed, defendant cannot be heard to contend that the amount claimed in the petition, which is exactly the same as that set forth in the judgment, except for the credits, is incorrect.

If the list of credits had been introduced in evidence and it had been testified that the amounts shown thereon had been paid on the dates set forth, we would have had no hesitancy in coming to the conclusion that an estoppel would have resulted. But the authorities are overwhelmingly to the effect that documents, though physically in the record, cannot be considered as evidence unless they have been formally offered. Wilkin-Hale State Bank v. Tucker et al., 148 La. 980, 88 So. 239; Jacobs Bros. Walkover Boot Shop v. Bel, 1 La. App. 14; Bilich et ux. v. Mathe, 149 La. 484, 89 So. 628; Marchand v. H. T. Coffee & Wallace & Co., 23 La. Ann. 442.

Therefore, the said document cannot be considered as evidence against defendant and, without its effect in establishing that the payments were made after defendant was served with citation and with copy of the petition, there is a complete lack of evidence to support plaintiff's claim that the judgment is correct.

We feel that to render a judgment of non-suit would probably result in the filing of a new proceeding and that, therefore, it is preferable that the matter be remanded to the district court, in order that such evidence as is available may be introduced. C. P. art. 906; Wilkin-Hale State Bank v. Tucker et al., 153 La. 47, 95 So. 396.

The judgment of the Civil District Court rendered on October 15, 1929, and signed on October 21, 1929, is annulled, avoided and reversed, and the matter is remanded to the Civil District Court for further proceedings according to law, and not inconsistent with the views herein expressed, costs of this appeal to be borne by appellee; other costs to await final judgment.

It is further ordered, adjudged and decreed that the judgment rendered January 9, 1930, and signed January 15, 1930, recalling the restraining order and refusing the injunction prayed for and allowing attorney's fees, be and it is annulled, avoided and reversed, all costs of injunction proceeding to be borne by Max Barnett Furniture Co., Inc., respondent and appellee.

PER CURIAM. In an application for rehearing counsel for Max Barnett Furniture Company, Inc., suggest that the opinion rendered by us on November 17, 1930, does not set forth whether we intended merely to reverse the main judgment because of insufficient evidence or whether we intended to hold that the district court was in error in rendering judgment setting aside the preliminary restraining order.

If we have not made ourselves clear on this point it may be that it will be contended that we intended to hold that the judgment in favor of the Max Barnett Furniture Co. was obtained by ill practice, which is the ground on which the injunction was asked for. We had no such intention.

Having found that there was not in the record sufficient evidence to justify a judgment in favor of plaintiff on the main demand, we reversed that judgment. The lower court, on the rule for injunction, had held that no ill practice was resorted to in obtaining the judgment on the merits and we found it unnecessary to consider that phase of the matter, since, in rendering judgment as of non-suit, we intended to restore each of the parties to its or to her original status.

Rehearing applied for is refused.