## MAX BARNETT FURNITURE CO., Inc., v. BOMARITO.*

### No. 14123.

Court of Appeal of Louisiana. Orleans.

Feb. 13, 1933.

See, also, 13 La. App. 73, 126 So. 254.

Theo. Cotonio and Theo. Cotonio, Jr., both of New Orleans, for appellant.

McLoughlin & West, of New Orleans, for appellee.

JANVIER, Judge.

This matter, in its protracted journey through various courts, has, at different stages, involved many exceedingly complicated issues, but a statement of the entire controversy is not necessary to an understanding of the issues remaining in dispute, and we shall, therefore, not set forth in detail the various questions at one time or another involved, but shall state only such facts as we have found on the questions now at issue and shall render our decree thereon.

Mrs. Bomarito purchased furniture from the Barnett Company and, upon her failure to make certain of the installment payments, the Barnett Company, on November 17, 1926, brought suit, praying for judgment for $158.-93, with interest at 8 per cent. from August 2, 1926, until paid, together with attorneys' fees at 10 per cent. on the total amount due. Before judgment could be obtained, Mrs.

Bomarito agreed to pay in installments the amount of the said claim, including the interest, attorneys' fees, and costs which had accrued up to that time, and, under this agreement, made payments intermittently and for irregular amounts until April 18, 1929.

Contending that the amount which she had up to that time paid was more than the amount due, she discontinued payments and thereupon plaintiff obtained against her a default judgment as originally prayed for, subject to a credit of $171.68, the amount admittedly paid after the filing of the suit.

An attempt to execute this judgment was met by a petition for injunction, and, when the matter reached this court, we held that plaintiff had not offered sufficient evidence to prove the balance due in that it had not been definitely shown at what time Mrs. Bomarito had discontinued making payments. We felt that, since the original note stipulated for payment in installments and stipulated for the acceleration of the maturities of the unpaid installments in the event of the default in the payment of one of them, we could not tell the time at which the total amount became due in the absence of proof of any particular default. We remanded the matter for additional proof and, in our decree, awarded the costs of that appeal to Mrs. Bomarito, who was plaintiff in the injunction proceeding. See 15 La. App. 244, 130 So. 883, 131 So. 502.

In the district court, on a rule to tax those costs, a judgment was thereafter rendered fixing the amount thereof at $32.30, but staying the collection until the final determination on the merits of the main question in dispute, to wit plaintiff's claim for the balance alleged to be due. From that part of the judgment which stayed execution until termination of the dispute on the merits, Mrs. Bomarito has appealed, and contends that collection of those costs should have been permitted at once.

In ordering that the judgment for costs be stayed until the final decision on the merits the district court was correct. The plaintiff, on the main demand, was entitled to compensate the costs judgment against it by its claim against Mrs. Bomarito on the note. See Hart v. Polizzotto, 171 La. 493, 131 So. 574; Riddell v. Gormley, 4 La. Ann. 140. It would work manifest injustice to permit a defendant, in a situation such as exists here, to compel the plaintiff to pay costs such as have accrued when the main demand is still pending because it is entirely possible that in such situation the defendant will be ultimately cast, as, in fact, we have decided she should be in the matter before us. Thus, a defendant could obtain from plaintiff those costs expended on the interlocutory issue, and yet, ultimately, by reason of possible in-

solvency, never pay to plaintiff the amount due on the main demand.

In answer to the argument that compensation was not pleaded it is sufficient to say that the record does not bear out this contention.

Furthermore, whether that judgment was correct has become, in effect, a moot question, because, since that appeal has been consolidated with the appeal on the main question at issue, both will be decided at the same time and, when the decree is rendered on the latter, it will automatically make operative the former judgment, so that it is of no importance for us to hold now, even if we felt that we should do so, that the judgment for costs should have been made exigible when rendered.

When the matter came up for hearing on the principal issue, judgment was rendered for plaintiff for $18.42, with legal interest from date of judgment. From this judgment also Mrs. Bomarito has appealed, and, as we have stated, both appeals are now before us.

In an effort to determine whether the judgment on the main demand is correct we have diligently endeavored, by all mathematical principles at our command, to calculate the balance remaining due, after giving credit for the various small payments which have been made. We first come to the conclusion that the record at this time contains sufficient evidence to warrant a judgment in plaintiff's favor and we next find that there was originally due plaintiff $158.93, with interest at 8 per cent. from August 2, 1926, and with attorneys' fees at 10 per cent. on the whole amount due and we find that, by agreeing to make payment in installments, if the Barnett Company would refrain from obtaining a judgment, Mrs. Bomarito conceded that she was indebted unto the Barnett Company for that amount.

It is very evident that, when Mrs. Bomarito had paid the sum for which she has been given credit, she still owed a balance because of the accrual of interest, attorneys' fees, and costs, and plaintiff was thus justified in proceeding to obtain this judgment when she failed to continue to make payments. However, we do not believe that the judgment should have been for a fixed amount, represented by the difference between the amount due when the suit was filed and the credits, because a judgment on that basis bearing interest would, in effect, assess interest upon the interest and also interest upon attorney's fees. On the other hand, if judgment is rendered, as we feel it should be for the amount claimed in the petition, together with interest and attorneys' fees, the whole subject to a credit for the amount paid, as we calculate it, the amount

payable thereunder will exceed the amount awarded in the judgment appealed from and this cannot be permitted since the appellee has not, by answer to the appeal, asked for an increase.

Since in the absence of an answer to the appeal the judgment appealed from cannot be increased, it is ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of defendant and appellant.

It is further ordered, adjudged, and decreed that the judgment on the rule to tax costs rendered on the 20th day of June, 1931, be and it is affirmed at the cost of appellant.

Affirmed.