### KELLY et al. v. MARCADE et al. *
### No. 16533.

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

Hubert M. Ansley, of New Orleans, for appellant.

Puneky & Barrios and James J. Landry, all of New Orleans, for appellee.

McCALEB, Judge.

On June 28, 1929, Mrs. Virginia Kelly, widow of James Casserlly, filed this suit against Ernest Marcade, John Marcade, and J. A. Fulco for recovery of past due rent under a contract of lease. She alleged that on September 26, 1928, she leased the property No. 2601 Orleans Street, in the city of New Orleans, to Ernest Marcade for a term of twelve months, commencing on October 1, 1928, and ending on September 30, 1929, in consideration of a monthly rental of $60; that he executed twelve rent notes bearing the date September 26, 1928, payable to her order; and that said rent notes were duly endorsed by John Marcade and J. L. Fulco. She also averred that John Marcade and Fulco made themselves parties to the lease and bound themselves with the lessee in solido for the faithful execution of all the obligations to be performed by the lessee, and that they further bound themselves as indorsers upon the rent notes to pay said notes in the event the maker, Ernest Marcade, failed or refused to comply with his obligation. She further alleged that, on April 25, 1929, she informed all of the defendants by written notice that the amount of $120 was due and owing because of the nonpayment of rent note No. 5, which was payable on February 28, 1929, and likewise because of the nonpayment of rent note No. 6, which fell due on March 31, 1929; that the lessee, Ernest Marcade, had vacated the leased premises without paying the rent notes; and that, therefore, under the stipulations and conditions of the lease, the rent for the whole unexpired term thereof, to wit, eight months, had become exigible

*Rehearing denied April 18, 1938; writ of certiorari denied by Supreme Court May 2, 1938.

without the necessity of putting the lessee in default. She further charged that Ernest Marcade removed, or caused to be removed, certain shelving situated in the leased premises; that in order for her to restore the leased premises to its former condition, she was obliged to incur an expense of $54.61; and that, under the terms of the lease, defendants became liable to her for the payment of said amount. She concludes her petition with a prayer for judgment against the defendants in solido for the full sum of $534.61 with interest and attorney fees.

The defendants John Marcade and J. A. Fulco were duly served with citation and a copy of the petition but Ernest Marcade was not served until several years later.

On July 8, 1929, John Marcade and Fulco appeared and filed an exception of no right or cause of action to plaintiff's petition. This exception was overruled by the trial judge on February 19, 1932, and the exceptors were given ten days within which to file their answer. These defendants, John Marcade and Fulco, did not answer, as required by the order of the court, but plaintiff did not take any action on her claim against them until January 13, 1933, when she caused a preliminary default judgment to be entered.

After this preliminary default was taken, the matter appears to have lain dormant until April 20, 1936, when plaintiff, by motion of her attorneys, had this judgment confirmed by the court.

On April 22, 1936, or two days after the confirmation of default judgment, the defendants John Marcade and Fulco appeared and applied for a new trial, alleging that said judgment was contrary to the law and the evidence, and further charging that plaintiff was guilty of fraud or ill practice in its procurement. The court, thereupon, issued a rule directing the plaintiff to show cause why a new trial should not be granted. This rule was set for trial on June 19, 1936, and evidence was submitted by both parties at that time. On July 8, 1936, the district judge, being of the opinion that the reasons advanced by defendants were insufficient to cause the decree to be set aside, overruled the motion, and on July 14, 1936, he signed the judgment confirming the preliminary default.

■ On July 22, 1936, the defendant Fulco filed a petition and obtained an order of appeal from the judgment rendered against him. Counsel for Fulco has presented a brief on behalf of Fulco and John Marcade, but, as the record fails to show that the latter has appealed from the judgment, he is not a party appellant here.

Counsel on both sides of this controversy, in written brief and in oral argument, have submitted that the question to be adjudicated relates to the alleged error of the district judge in refusing to grant a new trial on the evidence submitted to him at the trial of the rule. But, from our inspection of the transcript, we feel that it is unnecessary to consider whether the judge erred in that respect in view of the fact that there is no evidence or note of evidence contained in the record exhibiting that plaintiff made proof of her demand at the time she had the default judgment against Fulco confirmed.

■ The lower court's judgment sets forth that plaintiff has produced due proof in support of her demand. This recital would afford presumptive evidence of the correctness of the judgment, in the absence of a certificate by the clerk of the district court to the effect that the record contains all of the pleadings, evidence, and documents. But it appears here that such a certificate has been made by the clerk and, in view of it, we cannot, as the transcript is barren of such necessary evidence, indulge in the presumption that it was presented below and that it has been omitted from the record.

In Harrison & Bro. v. Soulabere, 52 La. Ann. 707, 27 So. 111, 112, it was said:

"The clerk's certificate must be held, for purposes of this appeal, to import full faith, and it declares that the transcript filed contains all the evidence adduced. Then none was adduced, for none appears. Hence the judgment stands before us unsupported."

The record in this case is identical with that considered by us in Max Barnett Furniture Co., Inc. v. Bomarito, 15 La.App. 244, 130 So. 883, 131 So. 502, where the default judgment was set aside on appeal because the transcript failed to contain the evidence or a note of the evidence submitted in proof of the demand. Hence, it follows that the judgment must be reversed.

In accordance with the action taken by us in the Bomarito Case, we will remand the matter in order that the plaintiff may submit such proof as is available to her, and to permit the appellant to make whatever defense he may have to the suit.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court

rendered on April 20, 1936, and signed on July 14, 1936, in so far as it runs against the appellant, J. A. Fulco, is annulled, avoided, and reversed, and the matter is remanded to the civil district court for the parish of Orleans for further proceedings according to law, and not inconsistent with the views herein expressed. Cost of this appeal to be borne by the appellee, other costs to await final judgment.

Reversed and remanded.