BAILES, Judge.
This is an appeal from a judgment in favor of defendant-plaintiff in rule and against plaintiff-defendant in rule, the appellant, making past due child support payments executory.
This matter had been before the court a quo since March, 1960. During that interval several matters had been heard and judgments rendered, one of which granted a divorce and fixed alimony for the support and maintenance of the children of the marriage. In November, 1966, May Cleo Stevenson Dunkin filed a rule to have past due payments made executory. In June, 1967, the petition was in effect amended to increase the amount past due. The minutes of the trial court indicate that, after several continuances, on December 15, 1967, the rule was heard and submitted. Judgment was rendered March 29, 1968, making the rule absolute.
*172 The single contention advanced by appellant, in its entirety, is :
“The basis of Appellant’s appeal is the judgment was rendered against him without any evidence having been introduced into the record in this case. A mere perusal of the record will suffice to show that there was no testimony taken, no evidence introduced, and no stipulations introduced into the record. On such a record the judgment of the District Court cannot be sustained. Max Barnett Furniture Company v. Bomarito [15 La.App. 244], 130 So. 883 (Louisiana Appeal, Orleans, 1930): Crawford, Jenkins and Booth, Ltd. v. Fisher, 135 Louisiana 16, 64 So. 927 (1914).”
Relative to the rule in question, the record contains the following note of evidence dictated by the trial court on December 15, 1967:
“In this case of Kenneth L. Dunkin vs. Mrs. Mae Cleo Stevenson Dunkin the rule to make the accrued alimony for the support and maintenance of the children is submitted on stipulations and memo-randa previously furnished by the parties.”
The stipulations were apparently never reduced to writing for they do not appear in the record. Nor is there any other evidence or offering in the record concerning this rule. Written reasons for judgment by the trial court are included in the record but, being merely a résumé of the applicable legal rules, they do not include a statement of the facts of the case.
A presumption exists that judgments of trial courts are correct; that they were rendered upon sufficient evidence and in accordance with the law. An appellant is required to make a showing to the contrary. See: Modern Appliance and Supply, Inc. v. Sapp, La.App., 200 So.2d 363; Schroeder v. Schroeder, La.App., 184 So.2d 75; Cothren v. Cothren, La.App., 177 So.2d 129. Inasmuch as the stipulations upon which this judgment was based are not before us we cannot determine that the factual conclusions of the trial court were erroneous. Nor, in the absence of these stipulations, can we decide that the judgment appealed was based on insufficient or improper evidence. From the record we can determine that certain stipulations were agreed upon by the parties to the action and it was upon these agreements that the matter was submitted to the trial court for decision. Thus, we know that there was evidence properly before the court. Absent a transcript or factual narrative of this evidence we are bound by the presumption that this evidence was sufficient to sustain the judgment rendered and that the judgment was in accordance with the applicable legal rules.
The cases cited by appellant are not apposite. In the Max Barnett Furniture case, supra, the record on appeal did not contain a note of evidence showing that documents or testimony necessary to support the judgment had been introduced; that is, from the record before it the appellate court could determine that there was insufficient, properly cognizable evidence before the trial court to sustain the judgment which was rendered. In Crawford, Jenkins and Booth, Ltd. v. Fisher, supra, the judgment of the trial court was reversed and remanded because the appellate court desired further evidence before it made a decision; that is, again, the evidence in the record showed that it was insufficient to support a valid judgment.
In the present case a note of evidence indicates that the cause was submitted on stipulations. Though the stipulations are not in the record, there is nothing in the record as it is presently constituted to show that the judgment is erroneous or that the evidence contained in the stipulations was insufficient to support a judgment. Appellant has failed to meet his burden of pointing out errors in the record and therefore the judgment must be affirmed.
Affirmed.