No. 2682

Second Circuit

HANNA MOTOR CO. v. WILSON

WILLIAMS, Intervenor

(January 28, 1927. Opinion and Decree.)
(May 13, 1927. Case Remanded on Rehearing.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Injunction—Par. 55, 90, 101.

Under Section 5 of Act 29 of 1925 no appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order.

2. **Louisiana Digest—Marriage—Par. 158, 159.**

In view of Civil Code, Articles 2399, 2402, 2334 and 2404, it cannot be presumed that the wife was carrying on the business of farming separate from her husband, or that she has some separate right of ownership in the property on which she and her husband reside, even though the property was assessed for taxation in her name individually.

3. **Louisiana Digest—Marriage—Par. 158, 159.**

Where uncontradicted evidence shows that the property belonged to the community, the presumption of law also being that it belonged to the community, the court will give judgment that it did belong to the community.

ON REHEARING

4. **Louisiana Digest—Appeal—Par. 729, 733.**

Where surprise is pleaded and the record shows the facts should and could be made plainer, case will be remanded for new trial.

Appeal from the **Fifth** Judicial Distri Court of Louisiana, Parish of Richland. Hon. John R. McIntosh, Judge.

Action by Hanna Motor Company against Carrie Wilson. John Williams, intervenor.

There was judgment for intervenor and plaintiff appealed.

Judgment reversed on rehearing and case remanded for new trial.

Ellis & Ellis, of Rayville, attorneys for plaintiff, appellee.

Warren Hunt, of Rayville, attorney for intervenor, appellant.

George Wesley Smith, of Rayville, attorney for intervenor, appellee.

WEBB, J. The Hanna Motor Company, a partnership, being the holder of several promissory notes executed by Carrie Wilson on December 19, 1924, and secured by chattel mortgage on certain movable property, described in the mortgage, proceeded against Carrie Wilson and the property via executiva and had seized the property and was advertising it for sale, when John Williams appeared and obtained leave to file an intervention and third opposition in which he alleged that he was the husband of Carrie Wilson and that the property described in the chattel mortgage and seized and being advertised for sale was community property and that he had not authorized Carrie Wilson, his wife, to give the notes or to mortgage the property, and that the mortgage given by her was invalid.

He further alleged that his wife had not received any consideration for the notes, and that there was not any consideration as to the community, but that the notes were given by his wife for the debt of a third person, her son, Moncee Wilson; and he further alleges that the clerk of the District Court and ex-officio recorder for the parish of Richland should be ordered to cancel and erase the mortgage as inscribed on the records.

He further alleged that he was entitled to a writ of injunction and prayed for the issuance of a restraining order and a rule nisi and thereafter an injunction and for service of process on the Hanna Motor Company and the recorder and on trial for judgment against the Hanna Motor Company and the recorder ordering the former to surrender the notes and the latter to cancel the mortgage on presentation of the notes, and for the writ of injunction to be maintained, and for all orders and decrees necessary.

The rule nisi was issued and the Hanna Motor Company answered denying the allegations of plaintiff's petition and specially alleged that the property mortgaged

and seized was the property of Carrie Wilson, and further alleged that it had been damaged by the issuance of the restraining order to the extent of fifty dollars attorney's fees, for which amount it reconvened and prayed for judgment recalling the restraining order and dismissing the plaintiff's intervention and opposition and for judgment in reconvention for the attorney's fees. '

The sheriff does not appear to have filed an answer to the rule nor was a default taken against him.

The minutes show that the rule nisi was taken up and tried and the case submitted, whereupon judgment was rendered in favor of the Hanna Motor Company as follows:.

"This case coming up regularly for trial on third opposition of John Williams, and answer having been filed by Hanna Motor Company, defendant in third opposition, trial having been had, and the law and the evidence being in favor of defendant in third opposition;

"It is therefore ordered, adjudged and decreed that there be judgment rejecting all demands of said John Williams, intervenor, and third opponent, at his cost; and there is hereby further given judgment in favor of Hanna Motor Company and against John Williams in the sum of twenty-five dollars with five per cent interest from date as attorney's fees."

John Williams, intervenor and third opponent, moved for and obtained orders of appeal, suspensive and devolutive, and filed bonds in accordance therewith.

After the rendition of the judgment and after intervenor had obtained and perfected his appeal, the sheriff proceeded to readvertise the property, when intervenor applied to this court and obtained an order prohibiting the sheriff from selling the property until the further orders of this court, and defendant having

moved to have the order issued by this court set aside, the motion being submitted with the case on its merits, we considered both at this time.

## OPINION

The statement above shows that the plaintiff, Hanna Motor Company, in its answer to the rule placed the intervention and third opposition at issue on the merits, and intervenor in his motion filed in this court to have the sheriff prohibited from selling the property seized alleged:

"That upon full trial upon the merits of said intervention and third opposition the prayer for the writ of injunction was refused and opponent's demands dismissed."

Which, as well as the evidence introduced on the trial, shows that intervenor acquiesced in the Hanna Motor Company's placing the cause at issue on the merits, and the judgment of the trial court confirms this view.

While from this statement of the proceedings had in the trial court it might be said that the plaintiff, having gone to trial on the merits while the restraining order was in effect, the order should be considered as a preliminary injunction and the judgment having the effect of dissolving the injunction, the suspensive appeal should be held to have maintained the status quo ante; but, on the other hand, it may be as well said, intervenor, having gone to trial on the merits without insisting on his right to have a preliminary injunction issued or refused, waived the right, and that his action was merely an opposition claiming ownership of the property in which he did not seek to have the sale stopped pending his suit, and we are of the opinion the latter view is the more reasonable, especially as to the effect of the appeal.

The statute, Act 29 of 1925, Section 5, provides that:

"No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order", and the intervenor when he went to trial on the merits knew there had not been any preliminary injunction issued, and that if the trial court decided against him on the merits, the restraining order would ipso facto fall; but if this be not true, nevertheless the restraining order being dissolved by the judgment, no appeal could be taken so as to continue the order in effect; and we therefore find that the order prohibiting the sale of the property should be set aside and recalled, and it is now so ordered, the intervenor to pay all costs incident thereto.

## MERITS

The evidence establishes that John Williams and Carrie Williams are married, that they reside on a small tract of land, a portion of which they cultivate, other portions being cultivated by tenants; and John Williams testified that the property mortgaged by Carrie Wilson and seized by plaintiff was purchased during the marriage with community funds.

On the other hand, it is shown that the property mortgaged by Carrie Wilson and seized by plaintiff had been assessed to Carrie Wilson and that she at one time owned the property on which she and Williams resided, and that she borrowed money without the authorization of Williams, presumably for the purpose of cultivating the land.

In the last analysis the testimony of Williams only confirmed the existence of facts which would have been presumed from the fact of the marriage, and the property being in the possession of either of the spouses; but ordinarily the presumption would be sufficient until it is overcome by evidence showing that the property belonged to one of the individual spouses.

"Every marriage contracted in this state superinduces of right partnership or community of acquets and gains."
C. C. 2399.

And:

"The husband is the head and master of the partnership or community of gains."
C. C. 2404.

The separate and community property is designated in a general manner by Articles 2334 and 2402 of the Civil Code, which read as follows:

"The property of married persons is divided into separate property and common property."

"Separate property is that which either party brings into the marriage, or acquires during the marriage by inheritance or by donation made to him or her particularly."

The earnings of the wife when living separate and apart from her husband, although not separated by judgment of court, her earnings when carrying on a business, trade or occupation or industry separate from her husband, actions for damages resulting from offenses and quasi-offenses, and the property purchased with all funds thus derived, are her separate property.

Actions for damages resulting from offenses and quasi-offenses suffered by the husband living separate and apart from the wife by reason of fault on her part sufficient for separation or divorce, shall be his separate property.

Common property is that which is acquired by the husband and wife during marriage in any manner different from that above declared.

But when the title to community property stands in the name of the wife, it cannot be mortgaged or sold without his written authority or consent.

C. C., Article 2334:

"This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either by right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. * * *"

C. C., Article 2402.

The fact of the property having been assessed to Carrie Wilson while it indicates that she as well as the assessor were of the opinion it belonged to her, does not tend to show that the property was acquired with the separate funds of Carrie Wilson; neither does the fact that she borrowed money without the authorization of her husband, nor does the fact that she at one time owned the property on which the spouses resided; and considering the testimony of Williams, who stated that he cultivated the crops planted on the property on which the spouses resided, and the evidence which shows that the title to the property on which the spouses resided stands in the name of another, we do not think it can be presumed that the wife was carrying on the business of farming separate from her husband, or that she has some right of ownership in the property on which she and her husband reside and that she retained the administration of the property, and that the price of the property seized came from one of such sources.

Where the spouses have claimed that property which the law presumes belongs to the community was the separate property of either, they have always been required to establish with some degree of certainty the source from which the property came, and where purchased during the community, the source of the price paid for it, and that the source was not under the administration of the community, as well as that the property was purchased for the benefit of the spouse who claimed to own it; and while the rule may be relaxed where the creditor of one of the spouses, the wife, is proceeding against property mortgaged by her, and the husband, as in the present instance, asserts that the property belonged to the community, and on trial the wife is not called as a witness, yet we do not think the court can presume the existence of facts directly in conflict with those established by the uncontroverted testimony of the husband and by the facts presumed to exist by law upon proof of facts which do of themselves indicate the existence of the facts to be presumed.

While the plaintiff did not specifically pray that the community be decreed to be the owner of the property, yet we are of the opinion that the question was directly placed at issue in the pleadings and evidence, and that under the prayer for general relief it will be permissible to recognize the community's ownership; and it is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that John Williams, intervenor, have and recover judgment against the Hanna Motor Company, decreeing the property seized to belong to and owned by the community existing between John Williams and Carrie Williams, and that the seizure be released;

the Hanna Motor Company to pay all costs of the intervention and this appeal.

## ON REHEARING

REYNOLDS, J. In this case both counsel for plaintiff in intervention and counsel for defendant in intervention plead surprise and the court believes that the facts of the case should be and could be made plainer than they appear in the record before us.

It is therefore ordered, adjudged and decreed that the case be remanded to the District Court for a new trial for all purposes.