BARNETT FURNITURE CO., INC., v. BOMMARITO

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(April 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

McLoughlin & West, of New Orleans, attorneys for plaintiff, respondent.

Theo. Cotonio, of New Orleans, attorney for defendant, relatrix.

JANVIER, J. Relatrix seeks to prohibit the execution of a final judgment rendered against her.

She was made defendant in the matter entitled Max Barnett Furniture Co., Inc., vs. Mary Bommarito, No. 165,982 of the docket of the Civil District Court for the parish of Orleans, and, in that suit, a money judgment was rendered against her. She has filed in the Civil District Court a petition asking the annulment of that judgment on the ground of fraud, and praying for an injunction restraining execution thereof.

On the filing of the petition for nullity, she obtained a preliminary restraining order temporarily restraining the execution of the judgment referred to.

When the matter came before the district court, the judge thereof suggested that the whole case be tried on the merits, and this was agreed to. After trial on the merits, the restraining order was dissolved and judgment rendered for the Max Barnett Company, Inc., and an attorney's fee of $25 for dissolving the injunc-

tion was awarded to that company. From this judgment relatrix applied for and obtained a suspensive appeal.

The Barnett Company, Inc., thereupon proceeded with the execution of the judgment in the former matter, and relatrix now seeks our aid to prohibit that execution. She contends that the suspensive appeal granted her should have the effect of enjoining the execution of the former judgment.

We do not agree with her in this contention. The agreement to try the matter on the merits was not tantamount to a stipulation that the preliminary injunction should be considered as having issued. The issuance of an injunction is a matter separate and distinct from the question presented on the merits of a case. It was only a restraining order which had been in effect, but which was dissolved, and, under section 5 of Act No. 29 of 1924, "no appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order." Therefore, if the suspensive appeal was intended to continue in effect the restraining order, it was not within the power of the district judge to grant such an appeal.

Since no preliminary injunction was ever issued, the suspensive appeal cannot be considered as having continued in effect something that never came into existence in the first instance. A suspensive appeal may continue an injunction in effect, but it cannot create an injunction where one has never issued.

We think the facts bring this case within the doctrine announced by the Court of Appeal for the second circuit in Hanna Motor Co. vs. Wilson Williams, 6 La. App. 177, in which that court said:

"The intervenor when he went to trial on the merits knew there had not been any preliminary injunction issued, and that if the trial court decided against him on the merits, the restraining order would ipso facto fall."

For these reasons we are of the opinion that relatrix is not entitled to the relief prayed for, and it is therefore ordered that the writ issued be, and it is hereby, recalled; all costs to be paid by relatrix.