LAND, Justice.
 

 Upon the face of the original petition filed in this case, plaintiff’s suit is for the sum of $5,261 damages, alleged to have been suffered by her by the seizure of her furniture and household effects
 
 under am, illegal judgment,
 
 secured by plaintiff against defendant “in proceedings entitled Max Barnett Furniture Co. v. Mrs. Mary Bomarito, No. 165,982 of the docket of the Civil District Court for the Parish of Orleans.”
 

 After several exceptions of vagueness were tendered and sustained, and after the first and second amended petitions had been filed in response thereto, defendant excepted to the original and second amended petitions on the following grounds:
 

 “(1) That said petitions disclose no right and no cause of action.
 

 “(2) In the alternative, that the said petitions present no cause of action for any claim within the jurisdiction of this Honorable Court.
 

 “(3) That this Court is without jurisdiction ratione materise.”
 

 The exception that the petitions, herein filed, present no cause of action for any claim within the jurisdiction of the civil district court was sustained in the lower court, and plaintiff’s suit was dismissed at her costs. From this judgment plaintiff has appealed.
 

 1. As the original petition refers to
 
 an illegal judgment
 
 secured by plaintiff against defendant in another suit, entitled “Max Barnett Furniture Co. v. Mrs. Mary Bomarito, No. 165,982 of the docket of the Civil District Court,”, this record is resorted to as proof of the allegation in the original petition that the judgment under which the seizure was made is illegal, and therefore the record in that suit must govern in determining whether the original petition discloses a cause of action. Succession of McDonald. 154 La.
 
 3,
 
 97 So. 262.
 

 The record in the suit referred to is before us, and, after a careful perusal of same, we fail to find the slightest suggestion of any ill practice, upon the face of the record, upon which the alleged illegality of the judgment obtained by plaintiff against defendant in that suit can be based.
 

 A default was taken in that case, after due citation to defendant. Thereafter, the default was confirmed and made final, and judgment was rendered in favor of plaintiff against defendant on October 15, 1929, and was signed in open court October 21, 1929.
 

 On November 8, 1929, plaintiff issued a writ of fieri facias under the judgment rendered in its favor October 15, 1929, and on December 12, 1929, a notice of seizure was issued to defendant.
 

 On December 16,. 1929, defendant filed a petition for an injunction, alleging that the judgment obtained by plaintiff was reiidered
 
 *1013
 
 ■by fraud and ill practices, and secured a restraining order to prevent the sale of the property seized. This order, after hearing had, was set aside and recalled by the judgment of the civil district court rendered January 9, 1930, and signed January 15, 1930.
 

 On January 17, 1930, defendant obtained an order for a devolutive appeal from the judgment rendered October 15, 1929, and signed October 21, 1929, and a so-called suspensive appeal from the judgment rendered January 9, 1930, and signed January 15, 1930. Both appeals wei*e made returnable to the Court of Appeal for the parish of Orleans, and both judgments were annulled and set aside by that court by judgment rendered December 17, 1930.
 

 In that case, in its opinion on application for rehearing, the Court of Appeal, 15 La. App. 247, 131 So. 502, disavowed any intention of holding that the judgment in favor of Max Barnett Furniture Company was obtained by ill practices, and stated that the judgment on the main demand had been reversed solely on the ground that there was not in the record sufficient evidence to justify it, and the case was remanded to the civil district court in order that such evidence as is available may be introduced.
 

 In that opinion it is also stated by the Court of Appeal, 15 La. App. 244, 130 So. 883, 884: “From the money judgment rendered on the note a devolutive appeal was taken by Mrs. Bomarito, who has also obtained
 
 a so-called suspensive appeal
 
 from the judgment refusing the injunction and refusing to annul the first judgment. In Max Barnett Furniture Company, Inc., v. Bommarito, 13 La. App. 73, 126 So. 254, which was an application for a writ of prohibition,
 
 we held that the said judgment was not suspensive in that it did not maintain in effect the preliminary restraining order."
 
 (Italics ours.)
 

 The property was seized in this case by defendant on May 15, 1930 and, after due advertisement, was sold on June 18, 1930, for the price and sum of $32, leaving a balance due on the writ of $79.34, and the writ was returned to the court unsatisfied.
 

 The actual facts of the case, as shown by the record upon which plaintiff relies in her petition, are that, after the delays for a suspensive appeal from the judgment of October 21, 1929 had elapsed, the. plaintiff, Barnett Furniture Company, sought to execute its judgment; that Mrs. Bomarito, defendant, sought to enjoin such execution, and that, in due course, the lower court refused her prayer for injunctive relief, whereupon she prosecuted a devolutive appeal from the money judgment rendered against her in favor of plaintiff, Barnett Furniture Company.
 

 It is expressly provided in article 578 of the Code of Practice that a devolutive appeal shall not stay the execution of the judgment.
 

 It is clear, therefore, that plaintiff, in executing the judgment in this case, acted within the bounds of his legal rights.
 

 It is well settled that where a devolutive appeal is taken, and the judgment is reversed on appeal, the only remedy, after the execution of the judgment, is for the return of such amount as the plaintiff may have received as the result of the sale. That amount in the present case is $32, and is not an amount within the jurisdiction of the civil district court for the parish of Orleans.
 

 
 *1015
 
 Citizens’ Bank v. Bellamy Lumber Company, 140 La. 498, 502, 73 So. 308; Holland v. Bryan, 148 La. 999, 1001, 88 So. 246; Jefferson v. Gamm, 150 La. 372, 373, 90 So. 682; Uncle Sam Planting & Mfg. Co. v. Reynaud, 157 La. 955, 958, 103 So. 276; Elms v. Wright-Blodgett Co., Ltd., 106 La. 19, 24, 30 So, 315.
 

 Judgment affirmed.