or cause of action. In our opinion, the judgment appealed from is correct.

Judgment affirmed.

OVERTON, Justice, concurs in the decree on the ground that the legacy was a residuary legacy, but dissents from the views expressed, which are obiter, concerning accretion, and from the view expressed, as coming from Duranton, in his edition of 1834, when Duranton withdrew that view in the later edition, of 1844, of his work.

ST. PAUL, Justice, concurs in the decree but thinks the fact that the legacy was a residuary legacy, has nothing to do with the question.

177 La. 828

### Dorothy McCray BELL v. Amedee BELL.
### No. 31494.

Supreme Court of Louisiana
July 7, 1933.

R. F. Walker, of Baton Rouge, for defendant appellant.

Geo. Caldwell Herget, of Baton Rouge, for plaintiff appellee.

ST. PAUL, Justice.

This is an action by a wife against her husband for separation from bed and board on the ground of cruel and outrageous treatment.

The alleged cruel and outrageous treatment consisted of the husband vilifying and abusing his wife and ordering her out of his house.

Plaintiff testifies to the occurrences and is corroborated by two witnesses.

Defendant denies the accusations, but produces no corroborative testimony.

The trial judge believed the plaintiff and her witnesses and gave her judgment accordingly, and we see no manifest error in his judgment.

#### Decree.

For the reasons assigned, the judgment appealed from is affirmed.

### FRANK MELAT, Consolidated, et al. v. COOPER et al.
### No. 4660.

Court of Appeal of Louisiana. Second Circuit.
July 15, 1933.

Fraser & Carroll, of Many, for petitioners.
Pickett & Moore, of Many, for respondents.

PER CURIAM.

On the 17th day of November, 1932, in the case of W. M. Cooper v. Frank Melat, Consolidated, No. 11399 on the docket of the Eleventh judicial district court, parish of Sabine, a default judgment was rendered against defendant for the sum of $602.30, with interest and costs. Under fieri facias issued in this case, a certain oil lease and equipment was seized. To prevent a sale under this seizure, defendant in the same court brought suit numbered 11622, praying that the judgment sought to be executed be declared a nullity for lack of proper citation. Coupled with this demand was a prayer for a temporary restraining order, preliminary and permanent injunction forbidding the defendant, the sheriff, and the judge from proceeding further in the execution of the alleged null judgment.

A temporary restraining order issued, accompanied with a rule nisi. On the return day of the rule a motion to dissolve the restraining order was filed, and the rule refixed

for a later date, on which defendant filed an exception of no cause of action, plea of misjoinder, and answer. On the trial of these issues, the whole matter was taken up on the merits and a final judgment rendered rejecting plaintiff's demands and dissolving the temporary restraining order, with damages and attorney's fees.

From this final judgment plaintiffs suspensively appealed to this court. After the appeal had been perfected and the transcript lodged in this court, Cooper, plaintiff in the original suit, again proceeded to execute on his judgment. Plaintiff and appellant in this action of nullity then obtained from this court a writ of prohibition restraining Cooper, the judge, and sheriff from proceeding further with the execution and ordering them to show cause why this writ should not be perpetuated.

On the return day of this rule, the Hon. John B. Hill, judge of the Eleventh judicial district court, answered that this writ should be recalled, for the reason that it did not issue in support of the appellate jurisdiction of this court, no appeal having been taken in the original suit.

Section 2 of article 7 of the Constitution of 1921 provides that the Courts of Appeal may, in aid of their jurisdiction, issue writs of prohibition. It follows that the writ can only issue in cases coming within the limits of this authority. The Constitution does not restrict the right to cases actually appealed, but grants it in all cases in aid of our appellate jurisdiction. By perfection of the appeal in the second case, this court was vested with jurisdiction over it. The whole object of the action of nullity was to stop execution of the judgment sought to be annulled. To consider the appeal after permitting execution of the judgment complained of would be a hollow and moot proceeding. We think the writ properly issued in aid of our appellate jurisdiction.

The second ground urged by the learned judge is that the suspensive appeal taken in the action of nullity did not operate as an appeal from that part of the judgment dissolving the temporary restraining order; that by the very terms of the Injunction Act, section 5 of Act No. 29 of 1924, no appeal shall be allowed from an order granting, continuing, refusing, or dissolving a restraining order.

The cases of Hanna Motor Co. v. Wilson, 6 La. App. 177, and Barnett Furniture Co. v. Bommarito, 13 La. App. 73, 126 So. 254, if they stood alone, would squarely sustain this contention and be decisive of the issue, but our Supreme Court, in the case of Everett v. Hue & Aarnes, 173 La. 420, 137 So. 201, 202, has held: "Section 5 of Act 29 of 1924 applies expressly to appeals from 'interlocutory decrees' dissolving preliminary writs of injunction upon a hearing. Said section has no application to final judgments dissolving an injunction upon a trial of the merits and disposing of the issues of the case."

In the Everett Case, as in that before us, a temporary injunction had issued with a rule to show cause why it should not be perpetuated. A motion to dissolve was filed, but was not separately tried; the temporary injunction being dissolved on final hearing of the case on the merits. A suspensive appeal was taken to the Supreme Court. Defendants moved to dismiss this suspensive appeal on the ground that the temporary injunction was in effect a restraining order and that no appeal is allowed from a judgment dissolving a restraining order.

The decision is therefore directly in point. Where there is a conflict between a decision of the Supreme Court and one of the Court of Appeal, we should follow that of the Supreme Court. Furthermore, we consider the Supreme Court decision correct, as we see no reason why a litigant should lose his right of appeal by taking a short cut and dispensing with the intermediate proceedings in injunction cases.

For the reasons above assigned, the writ of prohibition is continued in full force and effect until a final disposition of the appeal.