## MAX BARNETT FURNITURE CO., Inc., v. BOMARITO.*
### No. 14788.

Court of Appeal of Louisiana. Orleans.

Nov. 26, 1934.

See, also, 146 So. 74; 177 La. 1010, 150 So. 2.

Theo. Cotonio, Jr., and Theo. Cotonio, both of New Orleans, for appellant.

McLoughlin & West, of New Orleans, for appellee.

*Rehearing denied January 7, 1935.

JANVIER, Judge.

In this matter, different phases of which have been before us and before the Supreme Court many times during the past few years, we now find presented what will probably be the last controversy; that which arises over the payment of costs.

A short résumé of the litigation is necessary.

■ The Barnett Company obtained judgment against Mrs. Bomarito, and, after the expiration of the delay during which a suspensive appeal might have been taken, provoked the issuance of a writ of fieri facias, and, under it, caused the seizure and sale of certain furniture of Mrs. Bomarito for the balance of the purchase price of which furniture the judgment had been obtained. Mrs. Bomarito attempted, by injunction, to prevent the sale, and also obtained a devolutive appeal from the judgment. The injunction was refused, but on devolutive appeal we set aside the original judgment because we found insufficient evidence to form the basis of the judgment. However, instead of dismissing the suit of the Barnett Company, we remanded the entire matter to afford that company an opportunity to produce further evidence, if available. We did this because the judgment had been rendered in confirmation of default, and we felt that probably the lack of evidence resulted, not from the fact that none existed, but from the fact that counsel, in producing evidence in confirmation of the default, assumed that, since there was no controversy, it was not necessary that all available evidence be tendered.

We well realized that, if such was the case, a judgment as in case of nonsuit would have necessarily entailed unnecessary costs for the filing of a new suit, and would also have caused a complicated controversy because of the fact that execution had already issued under the first judgment. Therefore, when, in our first decree, we ordered that the costs of that appeal should be borne by the Barnett Company, but also that the question of the liability for all other costs should await final determination, we did so because we felt that the judgment which would later be rendered would carry with it the taxing of those costs against the party ultimately cast.

Had we dismissed the suit as in case of nonsuit, then the Barnett Company would have been required to pay all costs incurred up to the time of dismissal. A new suit would have been filed, and, since Mrs. Bomarito has finally been cast, it is fair to assume that she would have been cast in that new suit, and that she would have been ordered to pay the costs of that suit. There would thus have been two suits, the costs of one of which would have been assessed against the Barnett Company and the costs of the other against Mrs. Bomarito. In order to avoid this, we merely remanded the matter and held all costs in abeyance.

Counsel for both parties have cited many cases involving the effect of sales under execution where on devolutive appeals judgments were later reversed. We do not think that that question is involved here. The Supreme Court has already held, in another phase of this litigation, that the sale was valid, and that plaintiff, "in executing the judgment in this case, acted within the bounds of his legal rights," and that therefore there could be no liability for damages; the only result being that Mrs. Bomarito should be paid or given credit for the proceeds of the sale, to wit, $32. See Bomarito v. Max Barnett Furniture Co., 177 La. 1010, 150 So. 2, 3.

If, on final hearing, the suit of the Barnett Company had been dismissed, then that company would have been liable to Mrs. Bomarito for the return of the property if the Barnett Company had purchased it at the sale, or for the proceeds of the sale if it had been purchased by some one else, and, had we ultimately dismissed the suit, we would, in all probability, have condemned the Barnett Company to pay all the costs.

But the result on final hearing was quite the contrary. Judgment was rendered against Mrs. Bomarito, and we find nothing inequitable in now requiring her to pay the costs, liability for which was suspended by our first decree.

■ An examination of the items of cost charged against Mrs. Bomarito convinces us that there are no improper charges among those items except the crier's fee charged on October 15, 1929. That fee was charged on the rendering of a judgment which was later reversed, and it therefore should have been paid by the Barnett Company.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by reducing the amount thereof to $95.02, subject to the credits set forth in the judgment, and as thus amended it is affirmed, Mrs. Bomarito to pay all costs of this rule and of the appeal thereon.

Amended and affirmed.