On Motion to Dismiss the Appeal
BAILES, Judge Pro Tem.
Before us at this time is a motion to dismiss the devolutive appeal of Leo G. D’Aubin on the ground that the judgment recognizing movers as being entitled to the balance of certain proceeds of a partition sale has been executed through distribution of said proceeds to movers after the delay for suspensive appeal elapsed. The movers contend no devolutive appeal lies from the executed judgment.
In support of their motion, movers rely on the case of Pettingill et al. v. Hills, Inc., et al., 199 La. 557, 6 So.2d 660 (1942). The facts of this cited case are so unlike the instant case as it makes the holding of the court therein inapplicable. In this cited case, one of the co-owners, Hills, Incorporated, insisted on the inclusion of an objection to the proposed distribution in the act of partition of the funds. The question of the inclusion of the objection was heard by the trial court. It was ordered by the trial court that the objection be expunged from the act of partition; for Hills, Incorporated, to receipt for the amount coming to it in the partition, and on failure of Hills, Incorporated, to so do, that the funds be deposited in the registry of the court. Hills, Incorporated, took a devolutive appeal from the judgment of the trial court after the judgment had been executed. In the light of these circumstances, the court stated:
“[ 5] In the case at bar, when the order for the devolutive appeal was obtained, the notary had executed the judgment and had distributed the proceeds of the sale of the common property which the appellant was trying to keep him from distributing. It is obvious therefore that if the appellant should be successful in *478 convincing this Court that the judgment which rejected its opposition to the partition and distribution of the funds thereunder is erroneous and this court should reverse the judgment, our decree would be without effect. The court could not undo what has already been done by virtue of the judgment while it was executory, nor grant any order that could be enforced.”
We find the holding of the court quoted supra not controlling of the issue here involved. The appellant, through this devolu-tive appeal, is not questioning the sale of the property to effect a partition by Imitation, but appeals the judgment insofar as it denied his claim to a portion of the funds realized.
The appellant has not acquiesced in the judgment of the trial court denying his claim to a pro rata of the proceeds of the sale. This is demonstrated by the taking of an appeal.
Our appreciation of the law governing the facts of this case is that the movers, after the delay for a suspensive appeal from the judgment of the trial court denying appellant’s claim, had a right to obtain a distribution of the funds realized from the sale of \the property. See C.C.P. Article 2252. If a devolutive appeal is taken by the adverse party and the judgment of the trial court is reversed awarding appellant a portion of the funds already distributed to appellees, the appellant has a right to have his pro rata share of the distributed funds returned to him, or recover judgment in that amount against the recipient of such funds rightfully belonging to appellant. See Bomarito v. Barnett Furniture Co., 177 La. 1010, 150 So. 2 (1933) and Lisi Realty, Inc. v. Plaisance et al. (La.App.1975) 306 So.2d 920.
For the foregoing reasons the motion to dismiss this appeal is denied, at movers’ cost.
Motion denied.