306 So.2d 920 (1974)
LISI REALTY, INC.
v.
Ned J. PLAISANCE et al.
No. 10038.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
Writ Refused April 11, 1975.
Joseph A. Gladney, Baton Rouge, for appellant.
John B. Williams, in proper person.
Gary L. Keyser, Baton Rouge, for appellees.
Before LOTTINGER and COVINGTON, JJ., and BAILES, J. Pro Tem.
BAILES, Judge Pro Tem.
For the background of the action involving the instant appeal reference is made to the case of McCarthy et al. v. Ned J. Plaisance, La.App., 286 So.2d 454. Therein, as a third-party plaintiff, Plaisance, recovered judgment against the third party defendant, Lisi Realty, Inc. (Lisi), in the amount of $5,200 through confirmation of a preliminary default in the district court. On appeal by Lisi the judgment was reversed for the reason that the evidence was insufficient to allow confirmation of default against Lisi under the provisions of C.C.P. Article 1702.
During the pendency of the devolutive appeal by Lisi, Plaisance obtained execution on the judgment under a writ of fieri facias and through the seizure of the account of Lisi in the Louisiana National Bank of Baton Rouge the sum of $701.24 was realized.
Plaintiff herein, Lisi, brought this suit against Ned J. Plaisance, his attorney at law, John B. Williams, J. Al Amiss, Sheriff of East Baton Rouge Parish, and Perry M. Johnson, Jr., Clerk of Court of East Baton Rouge Parish, to recover the sum of $701.24 realized from the execution of the *921 judgment of the district court which was reversed on appeal, alleging that Plaisance's attorney, John B. Williams, was paid through Plaisance, from this fund the sum of $402.74, that the sheriff had received the sum of $106.00, as costs, and the clerk of court had received the sum of $192.50, as costs.
The sheriff and John B. Williams filed an exception of no cause of action, and the clerk of court filed an answer. The trial court sustained the exception of no cause of action and granted plaintiff fifteen days within which to amend to state a cause of action. This appeal is from that judgment.
Finding the judgment appealed is correct, we affirm.
Apparently the sum of $106.00 was retained by the sheriff to pay the costs incurred in execution of the writ of fieri facias, and the sum of $402.74 was paid by Plaisance to his attorney, John B. Williams, for services rendered.
It appears both from our research and that of counsel, the question before us herein is res novo.
Where a judgment is executed while a devolutive appeal is pending, the judgment creditor is liable, on reversal of the judgment by the appellate court, to the party whose property is sold for the amount received as a result of the execution. See Bomarito v. Max Barnett Furniture Co. (1933) 177 La. 1010, 150 So. 2, and Smith v. Phillips (1929) 168 La. 406, 122 So. 126.
Only one of the defendants, Ned J. Plaisance, represented by defendant, John B. Williams, attorney at law, recovered a judgment.
Even though a judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed, or, inferentially, during the pendency of a devolutive appeal, such creditor is subject to an action for the return of the funds received through such execution if the judgment is reversed.
This liability is restricted to the judgment creditor who received funds from the execution. It does not apply to either a court official whose statutory fees were paid from such receipts, nor does the party whose property was sold have a right to recover from a third party who was paid a debt owed by the judgment creditor from funds derived from the execution.
The Official Revision Comments under C.C.P. Article 2252 contains the following:
"* * *
"(d) Where property is sold under a writ of fieri facias and the judgment is subsequently reversed after a devolutive appeal, the validity of the sale is not affected by subsequent reversal of the judgment, and the defendant-appellant's only remedy is to sue the original judgment creditor for the return of the price for which the property was sold. Bomarito v. Barnett Furniture Co., 177 La. 1010, 150 So.2d (1933); State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817 (1948). These cases are based upon Article 578 of the 1870 Code of Practice which provides that a devolutive appeal does not stay the execution of judgment. * * *." (Emphasis added.)
The plaintiff, Plaisance, in whose favor the judgment was rendered is the party responsible for execution of the judgment under the writ of fieri facias. It is to him alone that Lisi must look for recovery of the funds received through execution of the judgment. The sheriff was merely performing his statutory duties for which his office made and collected statutory charges. The services of the attorney, John B. Williams, were performed for and on behalf of Plaisance for which he was entitled to be paid. The fact that he was paid by Plaisance with funds derived from the execution does not make the attorney a party responsible to Lisi for restitution.
*922 Plaintiff's argument that Mr. Williams, the sheriff (and the clerk of court) were parties to the action brought by Plaisance against Lisi is without substance. Mr. Williams was employed by Plaisance and he was performing professional services in furtherance of his representation of Plaisance, and both the clerk of court and the sheriff were involved in the discharge of the duties of their respective offices. None of these defendants can be considered parties to the prior action of Plaisance against Lisi.
The ruling of the trial court sustaining the exception of no cause of action filed by the appellees is correct.
Accordingly, the judgment appealed is affirmed at appellant's cost.
Affirmed.