407 So.2d 795 (1981)
GUARANTY SAVINGS ASSURANCE COMPANY
v.
NATIONAL AMERICAN BANK OF NEW ORLEANS, as Executor of the Succession of Seymour Weiss.
No. 12691.
Court of Appeal of Louisiana, Fourth Circuit.
December 8, 1981.
Writ Denied January 25, 1982.
*796 Avant & Falcon, Floyd J. Falcon, Jr., Trial Atty., Baton Rouge, for plaintiff-appellee.
Stewart & Preis, Ashton L. Stewart, Baton Rouge, and Burke & Mayer, Charles B. Mayer, New Orleans, for defendant-appellant.
Before GULOTTA, GARRISON and BARRY, JJ.
GULOTTA, Judge.
Defendant, National American Bank of New Orleans, as executor of the Succession of Seymour Weiss, (hereinafter referred to as the Bank), appeals from a summary judgment in favor of Guaranty Savings Assurance Company (GSA) in this action for the proceeds of a judicial sale. We affirm.
This suit was recently before us in Kaplan v. University Lake Corp., 394 So.2d 782 (La.App. 4th Cir. 1981) where we reversed and set aside a judgment maintaining an exception of lis pendens and remanded the matter for further proceedings.
The background of this protracted litigation is extensively set forth in our earlier decision in Kaplan, supra, and the Louisiana Supreme Court's decision in Kaplan v. University Lake Corp., 381 So.2d 385 (La.1980). For our present purposes, we need only mention that the Bank, as executor of Weiss's estate, obtained a judgment recognizing and enforcing a collateral mortgage against certain real property owned by GSA. While GSA's devolutive appeal from that judgment was pending, the Bank seized and sold the property in satisfaction of the judgment. Subsequently, the Louisiana Supreme Court in Kaplan, supra, reversed the trial court's judgment and held that the collateral mortgage note bearing against GSA's property had prescribed and the mortgage was unenforceable. GSA subsequently filed the instant suit for the proceeds of that judicial sale.
In written reasons for the summary judgment in favor of GSA for the sale proceeds, the trial court stated:
"A review of these proceedings indicates that there are no material facts at issue. The subject matter was thoroughly discussed and determined in the appellate courts, and there remains only the question of whether or not Mover for Summary Judgment is legally entitled thereto based upon the facts already determined in prior proceedings.
The Supreme Court has clearly indicated that Guaranty Savings Assurance Company was not liable under the mortgage or under the hand note, but, pending the devolutive appeal, the property secured by the mortgage was sold leaving Mover without the property or the proceeds of the sale.
As stated, there being no showing that there is any genuine issue as to material facts, and in view of the opinions of the Fourth Circuit Court of Appeal and the State Supreme Court, the request for Summary Judgment is hereby granted."
We adopt the above reasons as our own.
The Bank's arguments are essentially the same as those raised in its brief and argument in Kaplan, supra, when the case was before us on the judgment maintaining the exception of lis pendens. In Kaplan, we disposed of these arguments as follows:

*797 "... the Bank cites LSA-C.C.P. art. 3741 [footnote omitted] and argues that under the pact de non alienando of its mortgage it could foreclose against the mortgaged property in execution of its judgment against University Lake, the original debtor, `... as though it was still owned by the original debtor and in his possession.' The Bank contends that G.S.A. as a third party possessor has no cause of action arising from the judicial sale since the foreclosure and sale of the property were in execution of the Bank's judgment against University Lake. The Bank further argues that Kaplan v. University Lake, supra, has no bearing on our case since the Kaplan decision only dealt with G.S.A.'s liability on the hand and mortgage notes and not with the Bank's right to enforce the mortgage against University Lake. We disagree.
The Bank's argument concerning the pact de non alienando presupposes that a valid mortgage existed. The Supreme Court in Kaplan v. University Lake, supra, on G.S. A.'s appeal from a judgment in favor of the Bank and against G.S.A., University Lake, and International Speedways, Inc., held that the mortgage was unenforceable because the collateral mortgage note had prescribed. As stated by the Supreme Court:
`We find and hold, therefore, that upon prescription of the collateral mortgage note, there remained no outstanding mortgage against subject property. Consequently, the mortgage herein sought to be enforced was not extant against the property on the date of G.S.A.'s purchase.' Kaplan v. University Lake, supra, [394 So.2d] at page 391.
In view of this clear language, the Bank as executor of Weiss' estate had no mortgage to enforce against either University Lake or G.S.A. when it foreclosed and brought about the judicial sale. Without a valid mortgage, LSA-C.C.P. art. 3741 does not apply. It is clear to us that G.S.A. is the owner of the property that has been illegally seized and sold by the Bank pursuant to a mortgage that was ultimately determined invalid by the Supreme Court." Supra, 394 So.2d at pages 786-787.
Under the principle of the "law of the case" our prior rulings of law in Kaplan, supra, and those of the Supreme Court in its Kaplan opinion, conclusively determine the appeal now before us. See Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973); Day v. Campbell-Grosjean Roofing & Sh. Metal Corp., 260 La. 325, 256 So.2d 105 (La.1972).
As we recognized in Kaplan, supra, when property is sold under a writ of fieri facias and the judgment is subsequently reversed after a devolutive appeal, the defendant-appellant has the remedy of suing the original judgment creditor for return of the price for which the property was sold. See LSA-C.C.P. Art. 2252; Bomarito v. Max Barnett Furniture Co., 177 La. 1010, 150 So. 2 (1933); State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817 (1948); Lisi Realty, Inc. v. Plaisance, 306 So.2d 920 (La.App. 1st Cir. 1974), writ denied, 310 So.2d 640 (1975). GSA, as owner of the property that has been illegally seized and sold by the Bank, is entitled to the sale proceeds.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.