| iGRISBAUM, Judge.
In this civil matter, the appellants, Michael H. Bagot, Jr., Eric D. Suben, and the law firm of Wagner, Bagot & Gleason, appeal the judgment of the trial court which ordered them to return- $5,614.84 in garnished funds paid to them as attorney’s fees by Megatrend Telecommunications, Inc. We set aside and vacate.

ISSUE

The sole issue presented is whether the trial court erred in ordering the appellants to return to appellees garnished funds paid to them as attorney’s fees by Megatrend Telecommunications, Inc.

\-¿FACTS AND PROCEDURAL HISTORY

On May 27,1993, a class action lawsuit was instituted by Rees Marine, Inc. (“Rees”) against Megatrends Telecommunications, *6 Inc. (“Megatrends”) in Jefferson Parish alleging violations of their contractual agreement. The class action procedure was ultimately dismissed reserving to Rees the right to amend the petition and proceed with its individual action. Subsequently, Megatrend brought suit against Rees to recover its costs and attorney’s fees in defending the matter. On June 23, 1995, the trial court signed a final judgment awarding Megatrend $29,-035.16 in attorney’s fees for defense of the class action.
Although a devolutive appeal was filed, Megatrend ordered the appellants, as its attorneys, to conduct a judgment debtor rule seeking information about the assets of Rees. Subsequently, Megatrend authorized the initiation of garnishment proceedings, and, on August 8, 1995, the trial court issued an order of garnishment. Consequently, the sum of $5,954.22 was garnished from an account in Rees’ name with Whitney National Bank. Megatrend instructed that the money be turned over to the appellants and that said funds were to be applied against the balance owed by Megatrend to the appellants in attorney’s fees.
On April 16, 1996, this Court reversed the judgment of the trial court and vacated the award of attorney’s fees. On April 26, 1996, counsel for Rees filed a motion for the return of the garnished funds. The appellants withdrew as counsel for Megatrend, pursuant to the trial court’s order signed April 29, 1996. Appellants opposed Rees’ motion for return of funds to the extent Rees sought recovery from the appellants. On May 30, 1996, the trial court entered judgment against Mega-trend, as well as appellants, and ordered the return of the garnished funds. It is from this judgment that a suspensive appeal was taken.

JsLAW AND ANALYSIS

Even though a judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed, or, inferentially, during the pendency of a devolutive appeal, such creditor is subject to an action for the return of the funds received through such execution if the judgment is reversed.
Lisi Realty, Inc. v. Plaisance, 306 So.2d 920, 921 (La.App. 1st Cir.1974), writ refused, 310 So.2d 640 (La.1975). Accordingly, the judgment creditor is liable to, on reversal of the judgment by the appellate court, the party whose property is sold for the amount received as a result of the execution. Id.
Thus, “when property is sold under a writ of fieri facias and the judgment is subsequently reversed after a devolutive appeal, the [defendant] has the remedy of suing the original judgment creditor for return of the price for which the property was sold.” Guaranty Sav. Assurance Co. v. Nat’l Am. Bank of New Orleans, 407 So.2d 795, 797 (La.App. 4th Cir.1981), writ denied, 410 So.2d 1135 (La.1982) (citations omitted) (emphasis added). “This liability is restricted to the judgment creditor who received funds from the execution. It does not apply to ... a third party who was paid a debt owed by the judgment creditor from funds derived from the execution.” Lisi, supra, at 921.
The appellants allege that, as they were attorneys in this matter and not a party to the litigation, the trial court erred in ordering them to return the $5,954.22 they received from the garnishment. We agree.
In brief, the appellees allege the trial court was correct in its action because appellants are “before the court.” While it is true that appellants may be “before the court,” they appear as attorneys in this matter and not as party litigants. “Suits are filed by an attorney only in a technical sense but are actually instigated and carried on by the [client].” MacFadyen v. Lee, 601 So.2d 24, 26 (La.App. 1st Cir.1992). There is nothing in the record to allege that appellants were ever a Uparty to this litigation. The original petition is in the name of Megatrend, the original award of attorney’s fees is in the name of Megatrend, and the garnishment was filed in the name of Megatrend. Appellants simply acted as the attorneys for Megatrend in these matters.
The service of appellants, as attorneys, was performed for and on behalf of Mega-trend, for which they were entitled to be paid. The sum of $5,954.22 was retained by appellants, at Megatrend’s instruction, for services rendered as Megatrend’s attorneys. *7 The fact that they were paid by Megatrend with funds derived from the execution does not make the attorneys a party responsible for restitution. Restitution must come from Megatrend, the original judgment creditor.
For the reasons assigned, that part of the trial court’s judgment dated May 30, 1996, which held the appellants responsible for the return of the garnished funds, is hereby set aside and vacated. All costs of this appeal are to be assessed against the appellees.

SET ASIDE AND VACATED.